UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                Plaintiff,

      -against-

ACE HOTEL NY,

                Defendant.

23-CV-7642 (LTS)

ORDER DIRECTING AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* (IFP) application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but he has not answered all of the questions, and the Court therefore cannot ascertain whether he is able to pay the filing fees.[1] Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be fully completed, signed in the appropriate signature box, and be labeled with docket number 23-CV-7642 (LTS).

Moreover, Plaintiff's complaint is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is

---

[1] Public access to Plaintiff's IFP application has been restricted because he included the names of his minor children. Under Rule 5.2 of the Federal Rules of Civil Procedure, only the initials of a minor should be included in documents filed with the court.

unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Plaintiff is directed to resubmit the signature page of the complaint to the Court, within 30 days of the date of this order, with his signature in the signature box. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 29, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge