```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
    WILLIAM SCALES,                                           :
                                        Plaintiff,            :    23 Civ. 7642 (LGS)
                    -against-                                 :
                                                              :    OPINION AND ORDER
    ACE HOTEL NY,                                             :
                                        Defendant.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

### A. Background

WHEREAS, Plaintiff, proceeding pro se, filed this action on August 25, 2023. On December 18, 2023, Plaintiff filed an amended complaint (the "Amended Complaint").

WHEREAS, the Amended Complaint alleges that Defendant Ace Hotel NY withheld documents and submitted false documents during an arbitration with Plaintiff's union representatives and Defendant regarding contributions to Plaintiff's 401(k) account (the "Arbitration"). The Amended Complaint also alleges that Defendant made derogatory statements about Plaintiff, including that he was a liar. The Amended Complaint alleges claims for negligence and breach of contract and for withholding or providing false information during the Arbitration.

WHEREAS, Defendant has moved to dismiss the Amended Complaint on the basis that, construed as a petition to vacate an arbitral award, it is untimely under the three-month statute of limitations contained in the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 12.

WHEREAS, it is well established that "pro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that

they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).[1] "[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

WHEREAS, as explained below, this Court lacks authority to adjudicate this case because the Amended Complaint does not allege facts to support the existence of subject matter jurisdiction. The FAA claim does not establish independent federal question jurisdiction, and the Amended Complaint does not allege facts showing the parties are citizens of different states to support diversity jurisdiction.

B. **Subject Matter Jurisdiction**

WHEREAS, Defendant has moved to dismiss the federal claim on the basis that, construed as a petition to vacate an arbitral award, the claim was not filed within the required time after the conclusion of the Arbitration, as required by the applicable statute of limitations. However, before addressing the merits of Defendant's motion, the Court must determine whether it has subject matter jurisdiction to adjudicate the case. Federal courts, unlike state courts, have only limited jurisdiction, meaning that federal courts can hear only certain cases as defined by the Constitution and federal statute. *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). It is "axiomatic that federal courts may not decide cases over which they lack subject matter jurisdiction" and "if subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." *Behrens v. JPMorgan Chase Bank,*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

*N.A.*, 96 F.4th 202, 208 (2d Cir. 2024).  Federal subject matter jurisdiction exists in two main types of cases: (1) lawsuits that arise under federal law, or in other words, cases that allege a violation of federal law or otherwise implicate a substantial question of federal law and (2) lawsuits between citizens of different states, if the amount at issue is more than $75,000. *Badgerow*, 596 U.S. at 7.

      a.  **<u>Federal Question Jurisdiction</u>**

WHEREAS, the Amended Complaint does not allege facts that support the existence of subject matter jurisdiction on the basis of a federal question, because the allegations do not state any claim that would be a violation of federal law.  *See* 28 U.S.C. § 1331 (Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").  The FAA authorizes a party to file in federal court a petition to vacate an arbitration award, but the FAA "bestows no federal jurisdiction" and instead "requires an independent jurisdictional basis over such petitions." *Trs. of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 595 (2d Cir. 2024); *Badgerow* 596 U.S. at 9.  Petitions to vacate an arbitration award are, in effect, disputes about whether the arbitration award should bind the parties according to the parties' contract agreeing to arbitrate. *Badgerow*, 596 U.S. at 9.  "[S]ubject matter jurisdiction over a petition to confirm an award turns on the law governing the contractual rights created by the arbitration agreement, rather than the laws asserted in the underlying claims." *Trs. of New York State Nurses Ass'n Pension Plan*, 102 F.4th at 596.  These disputes about "legal settlements -- even settlements of federal claims -- typically involve only state law, like disagreements about other contracts." *Badgerow*, 596 U.S. at 9.  "Because contracts are 'typically' and 'generally' creatures of state law, an action to

enforce an arbitration contract through confirmation of its resulting award ordinarily does not arise under federal law." *Trs. of New York State Nurses Ass'n Pension Plan*, 102 F.4th at 596.

WHEREAS, the Amended Complaint alleges no facts to suggest that the contract containing the arbitration agreement in this case is governed by federal law instead of state law. Consequently, the Amended Complaint does not provide a basis for a federal court to hear the claims asserted. "[A] party seeking to invoke the jurisdiction of a federal court bears the burden of establishing it." *Jok v. City of Burlington*, 96 F.4th 291, 293 (2d Cir. 2024). The Amended Complaint does not describe the arbitration agreement or state in what contract the agreement may be found. The Amended Complaint does not explain why that contract is governed by federal instead of state law. The Amended Complaint does not establish that federal question jurisdiction exists without facts alleging that the contract is controlled by federal law. For example, an arbitration agreement in a contract governing a pension plan is controlled by federal law under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See, e.g., Trs. of New York State Nurses Ass'n Pension Plan*, 102 F.4th at 594, 597-98 (holding federal question jurisdiction exists where a pension plan's trustees sought "to enforce an arbitration agreement contained within an ERISA-governed contract between two co-fiduciaries to an ERISA plan"). Or an arbitration agreement in a union's collective bargaining agreement is controlled by federal law under the Labor Management Relations Act (the "LMRA"). *See* 29 U.S.C. § 185(a) (conferring federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization"); *Greenhouse Holdings, LLC v. Int'l Union of Painters & Allied Trades Dist. Council 91*, 43 F.4th 628, 631 (6th Cir. 2022) ("[W]hen a party moves to vacate a labor-arbitration award, the LMRA provides an independent basis for jurisdiction that's clear on the face of the motion to vacate itself.").

WHEREAS, the Amended Complaint alleges no other federal claims that would create federal question jurisdiction.[2]  The other claims -- for common law defamation, breach of contract and negligence -- arise under state law and not federal law.  Federal question jurisdiction therefore has not been established.

    b. **Diversity Jurisdiction**

WHEREAS, the Amended Complaint also does not allege facts to support diversity jurisdiction.  Diversity jurisdiction provides federal courts the ability to adjudicate disputes between parties who are citizens of different states.  Two requirements must be met for diversity jurisdiction to exist: "(1) the amount in controversy in the case must exceed $75,000 and (2) the case must be between citizens of different States or citizens of a State and citizens or subjects of a foreign state, such that there is complete diversity of citizenship between every plaintiff and every defendant."  *Windward Bora LLC v. Browne*, 110 F.4th 120, 125-26 (2d Cir. 2024) (citing 28 U.S.C. § 1332(a)).  The burden is on Plaintiff to demonstrate that both prongs are met.  *See Jok*, 96 F.4th at 293.

---

[2] The Amended Complaint also claims misconduct occurred "under oath during a Labor law trial, William Scales vs Hotel trades council (United States District Court of the Southern District of New York)."  This proceeding appears to be *Scales v. New York Hotel & Motel Trades Council, Loc. 6*, No. 21 Civ. 8142, 2023 WL 1779617 (S.D.N.Y. Feb. 6, 2023).  *See Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021) ("The district court properly took judicial notice of documents indicating the claims Simmons brought in small claims court, the remedies she sought, and the judgment she was awarded.").  That proceeding concerned the same allegedly incorrect 401(k) contributions, with Plaintiff alleging his union breached its duty of fair representation by contributing to the wrong plan.  *Scales*, 2023 WL 1779617, at *1.  The case was commenced before the Arbitration and was stayed until the arbitral award was issued.  *Id*.  To the extent that Plaintiff alleges that criminal perjury pursuant to 18 U.S.C. § 1623 occurred in that proceeding, this allegation does not state a federal claim that could provide a basis for federal question jurisdiction because "federal criminal statutes do not provide private causes of action."  *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order); *accord Mercer v. Viacomcbs/Paramount*, No. 22 Civ. 6322, 2024 WL 3553133, at *8 (S.D.N.Y. July 26, 2024).

WHEREAS, the Amended Complaint states that Plaintiff is a citizen of the state of New York, but that Defendant's citizenship is "unknown to the plaintiff." The Amended Complaint identifies Defendant as "Ace Hotel NY" with an address on West 29th Street in New York, New York. Based on this information, the parties do not appear to be citizens of different states. Because the Amended Complaint does not allege facts sufficient to conclude that the parties are citizens of different states, diversity jurisdiction has not been established. It is hereby

**ORDERED** that, for the foregoing reasons, Defendant's motion to dismiss is **GRANTED** without prejudice to Plaintiff seeking leave to amend his claims in a Second Amended Complaint to allege facts that establish subject matter jurisdiction. Federal Rule of Civil Procedure 15(a)(2) directs that a "court should freely give leave [to amend a pleading] when justice so requires." Denial of leave to amend is proper if amendment would be futile. *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024). Ultimately, it is "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994); *accord Hartmann v. Popcornflix.com LLC*, 690 F. Supp. 3d 309, 321 (S.D.N.Y. 2023).

Plaintiff may, but is not required to, seek leave to amend the Amended Complaint if he believes that he can allege facts that would support subject matter jurisdiction. To establish subject matter jurisdiction, Plaintiff must allege either that he has a claim that arises from federal law to establish federal question jurisdiction, or that Defendant is a citizen of a state other than New York and describing the relevant facts and identifying that state to establish diversity jurisdiction.

By January 7, 2025, Plaintiff shall file a letter on the docket explaining the new facts and requesting leave to amend the Amended Complaint. Alternatively, Plaintiff may choose to seek

relief in state court, to the extent that relief may be available. If Plaintiff determines that he cannot in good faith allege facts that would support federal question jurisdiction or diversity jurisdiction, or for any reason does not file such a letter, the case will be dismissed without prejudice to his refiling in state court.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 34.

Dated: December 6, 2024
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**